**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEJANDRO GONZALEZ,

      Plaintiff,

v.                                    Case No: 8:15-cv-32-T-24TBM

THE KELLOGG COMPANY,

      Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss (Dkt. 7), and Plaintiff's Memorandum of Law in Opposition (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be granted.

## I.    BACKGROUND

Plaintiff Alejandro Gonzalez filed this lawsuit against his employer the Kellogg Company. The complaint alleges age discrimination pursuant to the Age Discrimination in Employment Act, 28 U.S.C. § 621, *et seq.* ("ADEA"), race discrimination and hostile work environment pursuant to the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*. ("Title VII"), and adverse employment action under the Florida Whistle-Blowers Act, § 448.102 Fla. Stat. ("FWA"). Defendant now moves to dismiss the complaint.

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   However, unlike

factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Bell Atlantic Corp. v. Twombly,* the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555, 127 S.Ct., 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).

In accordance with *Twombly,* Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

Defendant moves to dismiss the complaint arguing that Plaintiff failed to state a cause of action on all counts. Specifically, Defendant argues that Plaintiff has failed to plead sufficient facts to support his age discrimination, race discrimination, and hostile work environment claims, and that he has not adequately plead a cause of action for adverse employment action under the FWA. The Court agrees.

Counts I and II contain insufficient facts to meet the burden set forth in *Twombly* and *Iqbal.* Regarding Count I, the age discrimination claim, Plaintiff fails to allege any facts supporting his claim that he was treated less favorably than younger employees. In his response, Plaintiff concedes "that he has not sufficiently outlined the fact that he was treated less favorably than younger employees." (Dkt. 15). Because the complaint neglects the central aspect of an age discrimination claim—that the employer favored a younger employee over the plaintiff—this count must be dismissed. *See Pennington v. Lessors, Inc.*, No. 8:11-CV-1398-T-23MAP, 2011 WL 3715094, at *2 (M.D. Fla. Aug. 24, 2011) (citing *Osahar v. U.S. Postal Serv.,* 297 F. App'x 863, 864 (11th Cir.2008)).

With regard to Count II, in which Plaintiff makes claims for race discrimination and racially hostile work environment, Plaintiff does not allege any facts showing that Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably than Plaintiff was treated.[1] Where a plaintiff fails to provide facts that would allow a court to infer that the defendant treated those outside of the plaintiff's protected class more favorably, a race discrimination is properly dismissed. *See Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010). Plaintiff makes only the conclusory allegation that "Plaintiff has been treated less favorably than non-Cuban, non-Hispanic younger employees" in support of this element. (Dkt. 1, ¶14). As such, Plaintiff's race discrimination claim fails to provide, as required by *Twombly* and *Iqbal,* "sufficient factual matter" to establish a prima facie case and must be dismissed. *See Hopkins*, 399 F. App'x at 566.

Plaintiff's claim for hostile work environment is also factually deficient. In order to state a racially hostile work environment claim under Title VII, Plaintiff must allege facts that show that

---

[1] Plaintiff's complaint also appears to violate Fed.R.Civ.P. 10(b), in that it contains more than one claim per count.

he belongs to a protected group; that he was subjected to unwanted harassment on the basis of that protected characteristic; that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create a discriminatorily abusive working environment; and that there is a basis for holding his employer liable. *See McCann v. Tillman,* 526 F.3d 1370, 1378 (11th Cir. 2008), *cert. denied,* 555 U.S. 944, 129 S. Ct. 404, 172 L.Ed.2d 286 (2008). The "severe or pervasive" requirement is both objective and subjective, as the harassing "behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Miller v. Kenworth of Dothan,* 277 F.3d 1269, 1276 (11th Cir. 2002) (alterations, citation, and internal quotation marks omitted). In considering the harassment's objective severity, factors include: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* (citation omitted). The law is clear that teasing, offhand comments, and isolated incidents (unless extreme) will not amount to discriminatory changes in the terms and conditions of employment. *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir.1999) (*en banc*) (*citing Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998)). Title VII does not regulate mere offensive utterances or general vulgarity, and it is not a "general civility code." *Alhallaq v. Radha Soami Trading, LLC,* 484 F. App'x 293 (11th Cir. 2012) (internal quotation marks omitted).

Here, Plaintiff's sole factual allegation of harassment based on race is his manager's alleged comment: "I don't like Cubans." (Dkt. 1, ¶10). Isolated or sporadic incidents of harassment do not satisfy the "severe or pervasive" standard of a hostile work environment claim. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998); *see also*

*Gupta v. Fla. Bd. Of Regents,* 212 F.3d 571, 583 (11th Cir.2000). Therefore, the isolated comment allegedly made by Plaintiff's manager, without more, is simply not actionable under Title VII. *See id.* Accordingly, Count II must be dismissed.

Lastly, Plaintiff's third count,[2] the adverse employment action claim, fails to allege sufficient facts that Plaintiff engaged in statutorily protected activity as required by the FWA. The FWA provides that a form of expression is statutorily protected if an employee "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102. Florida applies the framework for Title VII retaliation claims when evaluating FWA claims. *See Bell v. Georgia–Pacific Corp.,* 390 F. Supp. 2d 1182, 1187 (M.D. Fla.2005); *Rice–Lamar v. City of Fort Lauderdale,* 853 So.2d 1125, 1132 (Fla. 4th DCA 2003). Therefore, to establish a claim under the FWA, an employee must prove: (1) there was a statutorily protected activity; (2) an adverse employment action occurred; and (3) there was a causal link between the protected activity and the adverse employment action. *Bell,* 390 F. Supp.2d at 1187-88.

Plaintiff does not show the first element: statutorily protected activity. Plaintiff's complaint contains no allegations describing the nature of the complaints he allegedly made to human resources, except noting that they were in reference to the "abusive, harassing, and discriminatory treatment that was being inflicted on the Plaintiff by his manager…" (Dkt. 1, ¶ 36). Because Plaintiff did not specify what he complained about to human resources or identify which violation of "law, rule, or regulation" Defendant allegedly committed, Plaintiff has not sufficiently alleged

---

[2] The complaint contains two counts labeled "Count II". This section refers to the second "Count II" for "Adverse Employment Action".

that he engaged in statutorily protected activity as required by the FWA. Therefore, Plaintiff's third count must also be dismissed.

Accordingly, the motion to dismiss is **GRANTED** without prejudice as to all counts. Plaintiff shall have twenty (20) days from the date of this Order to file an amended complaint that alleges sufficient facts to support its claims.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties